IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRAVIS FRANCE                                                                                          PLAINTIFF

v.                             Civil No. 06-5226

DEPUTY GRANT; DEPUTY
DAPP; DR. HUSKINS;
and NURSE SUE McDONALD                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Travis France, currently an inmate in the Benton County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis.

On March 13, 2007, France filed a motion asking for a restraining order against Deputy Grant (Doc. 12). Defendants have responded to the motion (Doc. 17 & Doc. 18).

### BACKGROUND

According to the allegations of the complaint, on November 2, 2006, France was involved in an altercation with deputies at the Benton County Detention Center (BCDC). The altercation occurred after France had repeatedly pushed the button in his cell and asked for a grievance over a period of approximately five minutes. France states Deputy Grant and Deputy Dapp came to France's cell and had him go to the back of his cell and put his hands on the wall. After France complied, he states Grant opened the cell door and started spraying France with pepper spray.

France asserts that he closed his eyes so the spray could not get in them. At that point, France indicates Grant grabbed France's arm and threw him to the ground causing him to hit his

-1-

head on the toilet. Next, France states he was handcuffed and then Grant attempted to pry France's left eye open and sprayed his eye again. France indicates Dapp was at the door of the cell and did not enter the cell at that time.

Fifteen minutes later, France indicates about seven guards came to get him because he was unconscious. France was taken to the shower in the pod. France was then walked to booking by Vaughn and Dapp and put in the shower until the paramedics got there. When the paramedics arrived, France states the paramedics were told that France had passed out in the shower. France was taken to the hospital and treated. France indicates his head injury required three staples to close the laceration.

For the first three days after his return from the hospital, France states he was put on medical observation in booking because of the staples. France was then taken off observation without explanation. France maintains he is still having problems with his left eye blurring and he still has the staples in his head. He maintains his medical requests are being ignored.

## DISCUSSION

In the motion for temporary restraining order, France maintains he is being harassed and threatened by Grant. France asserts he is in fear of his life. France asks the court to order Grant to remain at least thirty yards away from him at all times.

In response, defendants maintain Captain Petray has investigated the allegations made by France and has found no evidence to support France's claims. Further, Captain Petray states he has reminded Grant, out of an abundance of caution, about the allegations made by France and that Grant is to continue to follow Benton County policies with regard to the treatment of

AO72A
(Rev. 8/82)

detention center inmates. Defendants maintain there is simply no evidence demonstrating a need for a temporary restraining order.

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors. These factors are: (1) the probability of success on the merits;(2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987).

France has alleged excessive force was used against him by Grant. "The Eighth Amendment prohibition against cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain' by their jailers." *United States v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007)(*quoting Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)). The Eighth Circuit in *Miller* set forth the applicable analysis as follows:

> When jail officials are alleged to have used excessive force against a prisoner, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. One

AO72A
(Rev. 8/82)

> acts maliciously by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts sadistically by engaging in extreme or excessive cruelty or by delighting in cruelty.

*Miller*, 477 F.3d at 647 (internal quotation marks and citations omitted).

In this case, France maintains Grant is retaliating against him by "harassing" him and making "threats" against him. France makes no effort to inform the court of the nature of the threats or if Grant has in fact threatened to physically harm France. Retaliatory behavior constitutes a separate cause of action from the excessive force and denial of medical care claims asserted in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)(no preliminary injunction where motion for relief was based on assertions of retaliation that were entirely different from initial claim). We find no basis on which to issue a temporary restraining order.

## CONCLUSION

I therefore recommend France's motion for a preliminary injunction or temporary restraining order be denied (Doc. 12).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of March 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)